IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TERRY HADDIX,                                         No. CIV S-09-3448-FCD CMK-P

        Petitioner,

   vs.                                                              ORDER

FRANCISCO JACQUEZ,

        Respondent.

_____/

        Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pending before the court is Respondent's motion to dismiss (Doc. 17), Petitioner's motion to compel (Doc. 20), and Petitioner's opposition to the motion to dismiss (Doc. 21).

        In both Petitioner's motion to compel and his opposition to the motion to dismiss, Petitioner is challenging the timeliness of Respondent's motion to dismiss, and the adequacy of that response to his petition.  The court signed an order requiring Respondent to respond to Petitioner's petition on April 30, 2010.  The order directed that the response was due within 60 days of the date that order was served.  The order was filed, and service was completed, on May 4, 2010.  Respondent therefore had 60 days from May 4, 2010, or until July 3, 2010, to file a

response. As July 3, 2010, was a Saturday, Respondent had until the next court day to file the response. See Fed. R. Civ. Proc. 6(a)(C). The next court day was July 6, 2010, following the legal Fourth of July holiday, which was the date the motion to dismiss was filed. The motion to dismiss was therefore timely filed.

In addition, Petitioner appears to be arguing that a motion to dismiss is not a proper response to his petition. However, the Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies). In addition, Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. Therefore, a motion to dismiss on the grounds that the petition is untimely is a proper response. See e.g., Brown v. Roe, 279 F.3d 742 (9th Cir. 2002).

Petitioner has filed an opposition to the motion to dismiss. However, if he wishes to file an additional opposition addressing the merits of Respondent's claim that his petition is untimely, he may do so within 30 days of the date of service of this order. Respondent's reply, if any, shall be filed within 15 days of the date Petitioner's supplemental opposition is filed, if any. If no supplemental opposition is filed, Respondent's reply, if any, shall be filed within 45 days of the date of service of this order.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion to compel (Doc. 20) is denied;

2. Petitioner may file a supplemental opposition to the motion to dismiss within 30 days of the date of service of this order; and

/ / /

/ / /

3. Respondent's reply, if any, shall be filed within 15 days of Petitioner's supplemental opposition, if any, or within 45 days of the date of service of this order if no supplemental opposition is filed.

DATED: July 29,2010

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE