1

2

3

4

5

6

7

8          **IN THE UNITED STATES DISTRICT COURT**

9          **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   TERRY HADDIX,                              No. CIV S-09-3448-FCD CMK-P

12              Petitioner,

13        vs.                                   <u>FINDINGS AND RECOMMENDATIONS</u>

14   FRANCISCO JACQUEZ,

15              Respondent.

16   _____/

17              Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of

18   habeas corpus pursuant to 28 U.S.C. § 2254.  Pending before the court is Respondent's motion to

19   dismiss the petition on the grounds that it was filed beyond the one-year statute of limitations, 28

20   U.S.C. § 2244(d) (Doc. 17).  Petitioner filed an opposition to the motion (Doc. 21), a

21   supplemental opposition (Doc. 23),  and respondent filed a reply (Doc. 24).

22              Rule 4 of the Rules Governing Section 2254 Cases allows a district court to

23   dismiss a petition if it "plainly appears from the petition and any attached exhibits that the

24   petitioner is not entitled to relief in the district court . . . ."  Rule 4 of the Rules Governing

25   Section 2254 Cases.  The Ninth Circuit has allowed respondents to file a motion to dismiss in

26   lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being

1

1  in violation of the state's procedural rules.  See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th

2  Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state

3  remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural

4  grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F. Supp.

5  1189, 1194 & n. 12 (E.D. Cal. 1982) (same).  Thus, a respondent can file a motion to dismiss

6  after the court orders a response, and the Court should use Rule 4 standards to review the motion.

7  See Hillery, 533 F. Supp. at 1194 & n.12.  The petitioner bears the burden of showing that he has

8  exhausted state remedies.  See Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir. 1981).

9       Respondent brings this motion to dismiss Petitioner's federal habeas corpus

10  petition as filed beyond the one-year statute of limitations, pursuant to 28 U.S.C. § 2244(d).

11       Federal habeas corpus petitions must be filed within one year from the later of:

12  (1) the date the state court judgment became final; (2) the date on which an impediment to filing

13  created by state action is removed; (3) the date on which a constitutional right is newly-

14  recognized and made retroactive on collateral review; or (4) the date on which the factual

15  predicate of the claim could have been discovered through the exercise of due diligence.  See 28

16  U.S.C. § 2244(d).  Typically, the statute of limitations will begin to run when the state court

17  judgment becomes final by the conclusion of direct review or expiration of the time to seek direct

18  review.  See 28 U.S.C. § 2244(d)(1).

19       Where a petition for review by the California Supreme Court is filed and no

20  petition for certiorari is filed in the United States Supreme Court, the one-year limitations period

21  begins running the day after expiration of the 90-day time within which to seek review by the

22  United States Supreme Court.  See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).

23  Where a petition for writ of certiorari is filed in the United States Supreme Court, the one-year

24  limitations period begins to run the day after certiorari is denied or the Court issued a merits

25  decision.  See Wixom v. Washington, 264 F.3d 894, 897 (9th Cir. 2001).  Where no petition for

26  review by the California Supreme Court is filed, the conviction becomes final 40 days following

1   the Court of Appeal's decision, and the limitations period begins running the following day. <u>See</u>

2   <u>Smith v. Duncan</u>, 297 F.3d 809 (9th Cir. 2002). If no appeal is filed in the Court of Appeal, the

3   conviction becomes final 60 days after conclusion of proceedings in the state trial court, and the

4   limitations period begins running the following day. If the conviction became final before April

5   24, 1996 – the effective date of the statute of limitations – the one-year period begins to run the

6   day after the effective date, or April 25, 1996. <u>See</u> <u>Miles v. Prunty</u>, 187 F.3d 1104, 1105 (9th

7   Cir. 1999).

8             The limitations period is tolled, however, for the time a properly filed application

9   for post-conviction relief is pending in the state court. <u>See</u> 28 U.S.C. § 2244(d)(2). To be

10   "properly filed," the application must be authorized by, and in compliance with, state law. <u>See</u>

11   <u>Artuz v. Bennett</u>, 531 U.S. 4 (2000); <u>see also</u> <u>Allen v. Siebert</u>, 552 U.S. 3 (2007); <u>Pace v.</u>

12   <u>DiGuglielmo</u>, 544 U.S. 408 (2005) (holding that, regardless of whether there are exceptions to a

13   state's timeliness bar, time limits for filing a state post-conviction petition are filing conditions

14   and the failure to comply with those time limits precludes a finding that the state petition is

15   properly filed). A state court application for post-conviction relief is "pending" during all the

16   time the petitioner is attempting, through proper use of state court procedures, to present his

17   claims. <u>See</u> <u>Nino v. Galaza</u>, 183 F.3d 1003, 1006 (9th Cir. 1999). It is not, however, considered

18   "pending" after the state post-conviction process is concluded. <u>See</u> <u>Lawrence v. Florida</u>, 549

19   U.S. 327 (2007) (holding that federal habeas petition not tolled for time during which certiorari

20   petition to the Supreme Court was pending). Where the petitioner unreasonably delays between

21   state court applications, however, there is no tolling for that period of time. <u>See</u> <u>Carey v. Saffold</u>,

22   536 U.S. 214 (2002). If the state court does not explicitly deny a post-conviction application as

23   untimely, the federal court must independently determine whether there was undue delay. <u>See</u> <u>id.</u>

24   at 226-27.

25             There is no tolling for the interval of time between post-conviction applications

26   where the petitioner is not moving to the next higher appellate level of review. <u>See</u> <u>Nino</u>, 183

1    F.3d at 1006-07; see also Dils v. Small, 260 F.3d 984, 986 (9th Cir. 2001).  There is also no

2    tolling for the period between different sets of post-conviction applications.  See Biggs v.

3    Duncan, 339 F.3d 1045 (9th Cir. 2003).  Finally, the period between the conclusion of direct

4    review and the filing of a state post-conviction application does not toll the limitations period.

5    See Nino, 1983 F.3d at 1006-07.

6           Here, Petitioner is challenging the requirement that he register as an arson

7    offender pursuant to the amended abstract of judgment from his 1997 conviction.  He claims the

8    registration requirement was not included in his original abstract of judgment, but rather was

9    added after the fact (and without notice to him) sometime in 1998.  However, he did not discover

10   the modified abstract of judgment until sometime in 2004.  Following this discovery, petitioner

11   filed four state habeas petitions:  On May 3, 2005, he filed a petition in the Yuba County

12   Superior Court, which was denied on December 2, 2005; On December 11, 2005, he filed a

13   petition in the California Court of Appeal, which was denied on January 5, 2006;  On April 22,

14   2009, he filed another petition in the California Court of Appeal, which was denied on May 7,

15   2009; and finally, he filed a petition in the California Supreme Court on June 16, 2009, which

16   was denied on November 19, 2009.

17          Respondent argues that petitioner is challenging his 1997 conviction, and the

18   statute of limitations expired in 1998 on his claims, as no direct appeal was filed.  Petitioner did

19   not file his first petition until 2005, rendering his current petition untimely.  Petitioner challenges

20   respondent's calculation of time, claiming as he did not discover the modified abstract of

21   judgment until 2004, and argues his petition is timely.[1]  This, he claims, is supported by the Yuba

22

23          [1]     Petitioner also objects to respondent's motion to dismiss as untimely filed.
     However, the court does not find the motion to dismiss was untimely.  On May 4, 2010, the court
24   ordered respondent to respond to the petition within 60 days.  That provided respondent until
     July 3, 2010, to file a response.  July 3, 2010, fell on a Saturday, which would make the due date
25   the next court day.  However, Monday, July 5, 2010, was a court holiday due to the Fourth of
     July falling on Sunday.  Therefore, the next court day after the July 3, 2010, deadline was July 6,
26   2010, the day respondent filed the current motion to dismiss.  The motion was therefore timely.

1  County Court finding that his petition was in fact timely.  Respondent then avers that even if

2  petitioner is entitled to the delayed discovery date of 2004, his federal petition is still untimely as

3  more than three years passed between his petitions filed in the California Court of Appeal.

4  Petitioner then counters that the delay in filing his petitions was due to counsel refusing to

5  provide him his file and documents in which to file his exhaustion petition.

6          If respondent is correct, and the statute of limitations began based as of the

7  conviction date in 1997, petitioner's petition is clearly untimely.  However, the court will assume

8  for this discussion that petitioner is entitled to the later commencement date of 2004.[2]  Petitioner

9  claims he discovered the modified abstract of judgment in 2004 while preparing for another trial.

10  The 2004 trial he was preparing for concluded, based on the information contained in petitioner's

11  exhibits, in September 2004.  Therefore, if he discovered the modified abstract of judgment

12  while preparing for that trial, it occurred sometime prior to September 2004.  Barring any tolling,

13  therefore, the statute of limitations would have run as of September 2005.

14          Petitioner filed his first state habeas in May 2005.  This would have been within

15  the statute of limitation, and would have been timely, as the state court determined.  This petition

16  was denied in December 2005.  Petitioner then filed another state habeas petition later in

17  December 2005.  The second petition would also have been timely, and the statute of limitations

18  would statutorily toll from the date his first state habeas was filed in May 2005, until the denial

19  of his second state habeas petition in January 2006.  However, petitioner then waited until April

20  2009 to file another state habeas petition.  Even then, he filed the third such petition as a second

21  petition with the California Court of Appeal.  This would not be considered moving to the next

22  higher appellate level of review, and the statute of limitations would not have been tolled by this

23

---

24          [2]       The undersigned finds the reasoning provided by the Yuba County Superior Court
   to be persuasive.  That court found "it probable that the excuse for late discovery . . . is true, and
25  . . . that, in the exercise of reasonable diligence the Petitioner could not have discovered the
   existence of the amended Abstract of Judgment filed November 6, 1998, any sooner than he
26  claims to."  (Pet., Doc. 1, Ex. F).

1   petition.  His petition to the California Supreme Court was not filed until June 2009.

2         Petitioner, therefore, delayed filing his exhaustion petition in the California

3   Supreme Court for over three years, from January 2006 until June 2009.  A three year delay is an

4   unreasonabe delay, which fails to qualify for tolling during that period of time.  See Carey v.

5   Saffold, 536 U.S. 214 (2002).  If the statute of limitations began in September 2004, and ran until

6   petitioner's first habeas petition was filed in May 2005, approximately eight months of the one

7   year statute of limitations had run during this time.  The statue of limitations began again in

8   January 2006, with the California Court of Appeal's denial.  Barring some additional tolling,

9   therefore, the statute of limitations expired in or around May 2006, rendering his 2009 federal

10   petition untimely.

11         Petitioner does not explicitly request equitable tolling, but tries to explain the

12   three year delay in filing his petitions as based on his attorney's negligence in returning his file

13   and documents.  He states that after writing his attorney several letters, he did not receive his file

14   until 2009, after he had filed a complaint with the California State Bar.  He fails to support his

15   claim of numerous letters, only providing two letters he sent to his attorney in 2009.  This fails to

16   explain the delay throughout 2007 and 2008.  However, even if petitioner had sent his attorney

17   letters during the relevant time period, he fails to explain how that rendered him incapable of

18   filing his petitions in the California Supreme Court or in this court prior to the expiration of the

19   statute of limitations.  In addition, even if his attorney was negligent in failing to return his files,

20   such negligence cannot form the basis of entitlement to equitable tolling.  The Ninth Circuit has

21   concluded that while egregious misconduct of counsel may warrant equitable tolling, see Spitsyn

22   v. Moore, 345 F.3d 796 (9th Cir. 2003), equitable tolling is not appropriate based on the ordinary

23   negligence of counsel.  See Frye v. Hickman, 273 F.3d 1144 (9th Cir. 2001).  There is nothing in

24   petitioner's argument which would rise to the level of egregious misconduct rather than ordinary

25   negligence of counsel.

26   / / /

1        The undersigned finds that even if petitioner is entitled to the 2004 statute of

2  limitations commencement date, his petition is still untimely due to the more than three year

3  delay in filing his petition in the California Supreme Court.

4        Based on the foregoing, the undersigned recommends that respondent's motion to

5  dismiss (Doc. 17) be granted.

6        These findings and recommendations are submitted to the United States District

7  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days

8  after being served with these findings and recommendations, any party may file written

9  objections with the court.  Responses to objections shall be filed within 14 days after service of

10  objections.  Failure to file objections within the specified time may waive the right to appeal.

11  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

12

13  DATED:  January 26, 2011

14

15                           **CRAIG M. KELLISON**

UNITED STATES MAGISTRATE JUDGE

7